Rawlings et al. vs. Bowie et al.

---

No. 8224.

A. D. RAWLINGS ET AL. VS. MRS. M. J. BOWIE ET AL.

Plaintiff, alleging himself to have an interest in common with Defendants in a certain judgment against a third person, enjoined the judgment debtor from paying the amount of his interest to Defendants. The latter on Motion obtained the dissolution of the injunction.

HELD—For the purposes of the Motion to dissolve the injunction, the averments of the Plaintiff's petition must be taken for true. Therefore, as part owner of the judgment, Plaintiff had the right to enjoin the judgment debtor from paying his share of it to Defendants, and the injunction should not have been dissolved.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J.

*E. H. Farrar* for Plaintiff and Appellant :

First—From the fact of co-proprietorship in indivision, the law, independent of any convention between the co-proprietors, begets certain mutual rights and duties, such as the right of partition, the right of mutual participation of the fruits and revenues, and the consequent duty to account to each other therefor; the duty of the co-proprietor in possession to take the same care of the property as if it were wholly his own; the right of incurring expenses necessary for the preservation of the common property, and consequent obliga-

tion of reimbursing one another for such outlays. Smith vs. Nelson, 10 An. p. 257; Domat, Part 1, Book II, title 5, section 2, Nos. 1, 2, 3 and 4; Merlin Rep. *verbo* Indivision.

Second—All acts done by a co-proprietor, and relating to or affecting the common property, are presumed to have been done by him for the common benefit of himself and others. Freeman on Cotenancy and Partition, § 166.

Third—Therefore, where part of the owners, without making their co-owners parties, sue a trespasser on part of the common estate, for the recovery of the same, and for rents and revenues, alleging themselves to be sole owners, and obtain against such trespasser a judgment for such rents and revenues, during the term of his occupancy, the co-owners will be entitled to their proportional share of such judgment.

Fourth—Courts will presume that the suing part-owners acted for the common benefit in such a proceeding.

Fifth—Such unrepresented co-owners have an equitable title to their proportional share of such a judgment, which the courts will enforce.

Sixth—In an action to enforce such equitable title, the plaintiffs have a right, under articles 302 and 303 of the Code of Practice, to enjoin the judgment debtor from paying over their proportional share of such judgment to the parties holding the legal title to the same, without any allegation whatever of the insolvency of such parties.

Seventh—Where, in such an action, after judgment by default has been regularly entered against all the defendants, a motion is made, without even setting aside the default, to dissolve the injunction on the face of the papers, based on grounds which, in substance, are exceptions to form, such motion will be stricken out on proper application. C. P. articles 357, 359, 360, 333 and 344; 1 Rob. 190; 4 An. 534.

Eighth—An answer of an appellee, asking for an amendment of a judgment, by increasing the damages given below, must be filed three days before that fixed for the argument of the case. C. P. article 890.

### *Steele & Garrett* for Defendants and Appellees :

First—A party has not the right to enjoin the execution of a judgment absolute and unconditional as to the matter it professes to decide, pending a litigation as to other matters in controversy not decided by the judgment. Heriford vs. Babin, 14 An. 333; Henderson vs. Wilcox, 2 An. 502; Suc. of Dunford; 1 An. 92; Wilcox vs. Henderson, 7 Rob. 328.

Second—A third person cannot enjoin the defendant in a former suit from paying a judgment of the Supreme Court, pending a suit to liquidate his demand against the original plaintiff claiming the proceeds of the judgment. His remedy is by intervention or third opposition in the original suit or direct action against the original plaintiff and seizure of the judgment. C. P. articles 299, 300, 301, 302, 303; 20 Ill. 310; 2 Johns. Ch. 144; 1 Vern. 399; 3 Atk. 200; 27 Vesey, 51.

Third—Pending the suit to liquidate a demand against the defendant involving the right to a sum of money due to defendant in the hands of a third person, an injunction will not lie to prevent the payment of the money due to the defendant, except when the plaintiff alleges under oath that the defendant is insolvent and that he will be in danger of losing the money if thus paid. 15 An. 456; 7 An. 290.

Fourth—" A party applying for an injunction must present an affidavit clear and unequivocal, establishing by this oath all the facts which would warrant the interference of the court, and laying a clear basis for an indictment for perjury if any of the assertions sworn to be untrue." Rice vs. Walshe, 4 An. 346; 14 L. 274; 1 R. 316; 13 L. 46; 5 L. 52, 82.

Fifth—"Where a party has recourse to an injunction, he must disclose all the facts of his case upon which he bases his right to an injunction, or it will be presumed that those not disclosed would work against him." Sauvinet vs. City of New Orleans, 1 An. 346.

### *Kennard, Howe & Prentiss* on same side, for a Rehearing :

First—The importance of the question stated.

Second—The article 296 of the Code of Practice does not dispense plaintiff in an injunction suit from allegiance to the rules of pleading. Avery vs. Ouillon, 10 An. 127.

Third—The article 298, in paragraph 8, providing for an injunction where the ownership of an estate, real or personal, is in dispute, has no application in favor of plaintiff at bar.

Fourth—The article 303 provides for an injunction where it is necessary to preserve the property in dispute, but not where the allegations of the petition fail to reveal any such necessity. Denson vs. Stewart, 15 An. 456.

Fifth—The rules of equity have been adopted in Louisiana, in construing the law of injunctions, where there are no specific provisions to the contrary. Black vs. Good Intent Towboat Company, 31 An. 499.

And by the general rules of equity in England as well as the United States, the plaintiff at bar has stated no case for an injunction. 20 Ill. 310.

It was absolutely essential that he should have stated clearly the insolvency of the judgment creditors in Bowie vs. Weatherly. In the absence of such statement it was evident that the money would be as safe in the hands of the plaintiffs in that case as in the hands. of the defendant, Weatherly. High on Injunctions, p. 293.

Sixth—The Court has erred in holding that plaintiff was a joint owner of the judgment in Bowie vs. Weatherly. There is no such allegation in the petition, and therefore no proof. He may have had an eventual claim for a share of net proceeds of the judgment when collected, but not before, and an injunction would thus prevent such claim from accruing at all.

Seventh—The Court has erred in holding that the default taken in the case at bar, could affect the questions raised by the motion to dissolve. The exception was not that certain facts were stated, but stated too vaguely. It was a peremptory exception that certain vital facts were not stated at all. And, besides, the default was substantially set aside by consent and order.

---

The opinion of the Court was delivered by

TODD, J. Thomas P. Farrar is appellant from a judgment dissolving an injunction sued out by him under the following facts, substantially set forth in his petition :

That he, said Farrar, and his co-plaintiff, Rawlings, were the owners in indivision with all the defendants, except Weatherly, of two-thirds of the Hollywood plantation, in the parish of Tensas.

That the defendants, Matilda J. Bowie, Andrew S. Routh, and Annie M. Bowie, with a full knowledge of the plaintiffs' interest in said plantation, had recovered a judgment against John R. Weatherly as a trespasser on said plantation, amounting, at the date of the institution of the suit, to $10,557, in which the share of each of the plaintiffs was $1161. That the plaintiffs fear that the entire amount of the judgment thus recovered, and in which they are entitled to share, will be paid over by Weatherly to the plaintiffs in the suit in which the judgment was rendered to their, the petitioners', great injury and damage.

All the parties in interest were asked to be cited, and judgment prayed for decreeing the plaintiffs to be entitled to the interests claimed by them in the judgment, and that Weatherly be enjoined from paying over to the plaintiffs in that judgment the amount of their respective interests in the same, or in the sums which Weatherly was adjudged to pay under it.

The motion to dissolve the injunction, which was sustained, contained substantially, the following grounds :

1. That John R. Weatherly, against whom the injunction was directed, was a third person, and this was not a case in which an injunction could issue, under the articles of the Code of Practice, against third persons.

2. That there is no allegation that either of the defendants are insolvent, or that plaintiff was in danger of losing the money if paid over to them.

3. That the injunction worked a great hardship to Weatherly by preventing him from satisfying the judgment, the amount of which by the terms of the decree increased $2000 per annum till paid.

The suit was dismissed as to the plaintiff A. D. Rawlings, on motion of H. R. Steele, and upon his showing that he had become the subrogee of said Rawlings, and J. P. Farrar became the sole plaintiff in the case.

The motion to dismiss was tried and sustained, and the plaintiff, Farrar, condemned to pay one hundred dollars damages. From which judgment the present appeal was taken.

For the purposes of this motion the allegations of the petition must be taken as true.

A party is entitled to an injunction to prohibit one from doing an act which he contends may be injurious to him or impair a right which he claims. C. P. 296.

It is evident from the allegations of the petition, that if the defendant, Weatherly, pays to his co-defendants the entire judgment in question, he would do an act that might prove injurious to the plaintiff and impair the right that he asserts in this suit. That right is the ownership of part of this judgment and the right to receive from the defendant in such judgment, to the extent of his interest therein, the money which he alleges Weatherly was about paying to other parties.

If his allegations are true, he was entitled to a decree recognizing his interest in the judgment, just as he would be entitled to have recognized a just claim asserted by him to any other species of property. If Weatherly paid this judgment to the plaintiffs therein, the judgment would be extinguished and the plaintiff's right in the judgment destroyed with the extinction of the judgment itself. Plaintiff might in such event have recourse against the parties who had received his money, some of whom it is shown were non-residents of the State; but he would be precluded from enforcing payment from Weatherly, the judgment debtor. If he *was* the joint owner of the judgment, he had a joint right with the other owners to control it, to enforce payment of it, and to receive his share of the money paid in satisfaction of it; in short, to exercise all the rights that his co-proprietors in the judgment could exercise. These

rights would have been impaired had the judgment been extinguished by payment made by the defendant to other parties, and parties who ignored the interests of the plaintiff therein. Consequently he had an undoubted right to prevent the payment of the judgment to other parties, to the extent of his share of the judgment, until he could obtain a recognition of his alleged interest therein by the proper decree.

Nor was it necessary for the plaintiff to allege the insolvency of the parties to whom payment was about to be made. That was a matter of proof that he might or might not offer on the trial of the cause to show the just and reasonable apprehension of the injury to result from the acts of the parties as charged in the petition. It was sufficient to allege, as was done, that the act or acts would cause him damage. And if such general allegation of injury was insufficient, its sufficiency should have been questioned by the proper exception before default was taken on the petition. The motion to dissolve was filed after default. And this part of the motion, now under consideration, was equivalent to an exception that the cause of action was not sufficiently set forth in the petition.

Nor is there any force in the last ground urged for the dissolution of the injunction, namely, that the delay caused thereby would work hardship to Weatherly. Weatherly was not enjoined from paying the entire judgment, but only to the extent of plaintiff's alleged interest in it. It is not easy to perceive any peculiar hardship in such restraint, and it could easily have been avoided by properly depositing the amount; but whether a hardship or not, if plaintiff was a co-proprietor in the judgment he had the right to prevent Weatherly from paying his part of it to any one else.

For these reasons we think the injunction was improperly dissolved.

It is, therefore, ordered, adjudged and decreed that the judgment be reversed and the injunction reinstated, and the case remanded to be proceeded with according to law; defendants to pay costs of appeal.

Rehearing refused.